IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE CARNEY, | ) | CIVIL ACTION NO. 21-1912 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SENECA VALLEY SCHOOL DISTRICT, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, STEPHANIE CARNEY, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination and harassment in her employment on account of her sex and/or disability, which right is guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 ("ADA"), as well as pendent state law claims. Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e. This Court is empowered to consider the claims outlined in Count II hereto under the doctrine of pendent jurisdiction.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about June 8, 2021, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");[1]

    b. The EEOC issued a Notice of the Right to Sue dated October 12, 2021;[2] and

    c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Stephanie Carney, is an adult female individual. Plaintiff resides in Butler County, Pennsylvania.

---

[1] Plaintiff filed an initial charge of discrimination and retaliation with the EEOC against Defendant on or about June 6, 2020. That charge of discrimination is still pending.

[2] Plaintiff has not yet received a Notice of Dismissal and Right to Sue for her pending EEOC charge, as described hereinbefore above.

6. Defendant, Seneca Valley School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 124 Seneca Valley School Road, Harmony, Pennsylvania 16037.

7. At all times relevant hereto, Defendant was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant as a K-4 life skills teacher from in or about August of 2019, until her unlawful termination on or about June 27, 2021.

9. In or about December of 2019, Plaintiff experienced a panic attack as a result of the sexually hostile work environment that was perpetuated by the Defendant.[3] Plaintiff then went on unpaid medical leave from December 2019 until May 2020.

10. In or about March of 2020, the Plaintiff was diagnosed with anxiety and Post Traumatic Stress Disorder ("PTSD").

11. Defendant was made aware of the Plaintiff's mental health, anxiety and PTSD diagnosis, as described hereinbefore above, through the Plaintiff's submission of various medical documents to the Defendant in or about May of 2020.

12. On or about June 6, 2020, Plaintiff filed a charge of discrimination with the EEOC, at Charge No. 533-2020-1715, against the Defendant alleging sex discrimination, a sexually hostile work environment, discrimination based on the Plaintiff's disability and retaliation.[4]

---

[3] Factual allegations regarding the sexually hostile environment are included the Plaintiff's pending Charge of Discrimination.

[4] Plaintiff intends to amend her Complaint in a Civil Action to include the additional factual allegations contained therein once a Notice of Dismissal and Right to Sue is issued.

13.     Following the filing of that charge of discrimination, Defendant subjected the Plaintiff to retaliatory harassment, repeatedly made unfounded attacks on the Plaintiff's job performance and overly scrutinized the Plaintiff's work.

14.     By way of example, throughout the 2020-2021 school year, Defendant repeatedly required the Plaintiff to alter her students' Individual Education Programs ("IEP") without any reasonable or valid justification.

15.     Defendant also set unreasonable expectations and deadlines for the Plaintiff that were impossible for the Plaintiff to meet.

16.     As a result, Plaintiff was subjected to disciplinary action, including, but not limited to, write-ups by the Defendant, for the Plaintiff's failure to meet the Defendant's unreasonable expectations.

17.     Defendant treated the Plaintiff less favorably than other similarly situated teachers in that other similarly situated teachers were not subjected to such unfounded criticisms by the Defendant regarding their job performances, nor were they subjected to unreasonable expectations and/or disciplinary action for failure to meet the unreasonable expectations set by the Defendant.

18.     Furthermore, Defendant did not repeatedly require similarly situated teachers to alter their students' IEPs without any valid or reasonable justification.

19.     Plaintiff believes, and therefore avers, that the actions taken by the Defendant, as described hereinbefore above, were based on her disability and/or in retaliation for the Plaintiff engaging in a protected activity, to wit, filing a charge of discrimination.

20. Defendant's administrators and staff also made multiple negative comments about the Plaintiff's PTSD diagnosis, disability and/or mental health. These comments include, but are not limited to, derogatory comments about PTSD made by administrators.

21. By way of example, Behavior Specialist Ashley Pattison ("Pattison"), joked to other employees, while in the presence of the Plaintiff, "I heard that I give people PTSD." Plaintiff believes, and therefore avers, that this comment by Ms. Pattison was directed toward the Plaintiff.

22. On June 27, 2021, Plaintiff was unlawfully terminated from her position by the Defendant.

23. Plaintiff believes, and therefore avers, that she was unlawfully terminated by the Defendant based on her disability and/or in retaliation for engaging in a protected activity, to wit, filing a charge of discrimination against the Defendant.

24. As a direct and proximate result of the Defendant's actions, Plaintiff has been adversely affected financially, professionally and emotionally.

COUNT I

PLAINTIFF v. DEFENDANT

AMERICANS WITH DISABILITIES ACT

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as though fully set forth at length herein.

26. This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of a disability and/or a perceived disability with respect to her ability to perform the necessary

functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of a disability or a perceived disability. This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate her for her injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

27. Plaintiff believes, and therefore avers, that she was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment because of a disability or a perceived disability in that she was discriminated against when Defendant terminated the Plaintiff.

28. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered large and continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

29. The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendant without discrimination constitutes a violation of the ADA.

30. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will

continue to suffer irreparable injury from the Defendant's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

    WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that the Court award the Plaintiff compensatory and punitive damages as a result of Defendant's violation of the ADA;

d.     that the Court order the Defendant to award the Plaintiff the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.     that the Court grant the Plaintiff such additional relief as may be just and proper.

                                                            JURY TRIAL DEMANDED

## COUNT II:

## PLAINTIFF v. DEFENDANT

## RETALIATION

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

32. As described hereinbefore above, Plaintiff was retaliated against for engaging in a protected activity. Defendant's retaliatory conduct included, but was not limited to, over scrutinizing the Plaintiff's work, subjecting the Plaintiff to disciplinary action and unlawfully terminating the Plaintiff.

33. As a direct result of the Defendant's retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

34. Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

35. The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

36. The actions on the part of the Defendant are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring Defendant's actions to be unlawful and violative of the ADA and Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.       that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.       that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

    d.       that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for Defendant's discriminatory conduct;

    e.       that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

    f.       that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.       that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

37.    Plaintiff incorporates Paragraphs 1 through 36 as though fully set forth at length herein.

38.    As set forth above, the Defendant has discriminated against on the basis of her disability and retaliated against for engaging in a protected activity, in violation of the Pennsylvania Human Relations Act, 43 Pa C.S.A Section 955(a).

39.    As described hereinbefore above, Plaintiff was subjected discrimination based on her disability and retaliation. Such conduct ultimately led to the Plaintiff's injuries and damages set forth at length above.

40.     As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has and or will incur counsel fees and other costs in pursing her legal rights.  The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, apprehension and stress.

41.     The actions on the part of the Defendant intentional and willful and/or done with a reckless disregard of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

- a. that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

- b. that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of PHRA;

- c. that the Court award the Plaintiff compensatory damages as a result of Defendant's actions being unlawful and violative of the PHRA;

- d. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

- e. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

- f. that the Court grant the Plaintiff such additional relief as may be just and proper.

                                              JURY TRIAL DEMANDED

Case 2:21-cv-01925-CB Document 16 Filed 12/29/21 Page 10 of 11

                                        Respectfully submitted,

                                        LAW OFFICES OF JOEL SANSONE

                                        <u>s/ Joel S. Sansone</u>
                                        Joel S. Sansone, Esquire
                                        PA ID No. 41008
                                        Massimo A. Terzigni, Esquire
                                        PA ID No. 317165
                                        Elizabeth A. Tuttle, Esquire
                                        PA ID No. 322888
                                        *Counsel for Plaintiff*

                                        Law Offices of Joel Sansone
                                        Two Gateway Center, Suite 1290
                                        603 Stanwix Street
                                        Pittsburgh, Pennsylvania 15222
                                        412.281.9194

Dated: December 29, 2021